GREENAWAY, JR., Circuit Judge, concurring.
 

 I agree that Rena C. was substantially justified in rejecting Colonial's offer because the offer did not include the payment of attorney's fees, and I join the majority opinion in full. I write separately to briefly discuss the difficulties certain kinds of ten-day offers can create for school districts, parents, and, ultimately, courts.
 

 This case is illustrative of those difficulties because it requires us to interpret what is a short and, in my view, amorphous offer. The entire substance of the offer is contained in two sentences: "This offer is also being made in order to further limit the School District's possible prevailing party attorney fee attorney liability. The School District offers to pay private school tuition and transportation for Parent's unilateral placement at Delaware Valley Friends School ('DVFS')." JA 49. Colonial asked this Court to conclude that the offer's two sentences contained a number of implicit terms: pendency at DVFS and reimbursement for both one-one-one language arts instruction and attorney's fees. As the majority opinion explains, we agreed with Colonial regarding pendency and one-on-one instruction, but could not conclude that the terms of the offer implied that Colonial would pay the attorney's fees Rena C. had incurred up to that point.
 

 I found the question regarding one-on-one instruction to be particularly challenging, both because the question of what falls within the ambit of tuition seems to me vague and indeterminate, and because the record here reveals little about the nature of the one-on-one services A.D. receives at DVFS. It merely indicates that DVFS provides her with a one-on-one instructor for the subject of language arts.
 

 In deciding to join the majority opinion's conclusion that Colonial's offer to pay "private school tuition" included an offer to pay for this one-on-one instruction, I found
 it significant that Colonial's offer was unqualified. It did not, for example, say "base tuition" or "tuition only and no other cost or fee." As the majority opinion also notes, Colonial did not know that one-on-one instruction would be listed separately on the DVFS tuition invoice, so it had no reason to offer it expressly. Ultimately, I concluded that the record, though certainly far from comprehensive, provides enough information for us to infer confidently that the one-on-one instruction A.D. receives at DVFS is the kind of substantive curricular service that a school district like Colonial would generally consider to be within the ambit of a "tuition" payment.
 

 It bears emphasis, however, that the majority opinion takes no position on whether countless other types of supplementary educational services would be included in an offer to pay "tuition." The opinion does not answer, for example, the question of whether a one-on-one aide who accompanies a student for assistance throughout the school day, but does not themself provide instruction, would be included. Nor does it determine whether physical therapy services, speech and language therapy services, or occupational therapy services would be included. Given the scarcity of information in the record here, I do not think this Court is well-positioned to provide much guidance regarding these questions.
 

 I therefore would caution parties not to needlessly proceed to federal court based on the belief that our opinion here dictates the outcome in some future case involving some other kind of educational service or instruction. Instead, I would suggest that parties in the future be clear and specific when crafting and discussing ten-day offers. School districts should be precise about what they are offering. Parents should be forthcoming about the services they are seeking or anticipate receiving for their children. And both school districts and parents should communicate throughout this process. As the majority opinion correctly notes, ten-day offers need not be non-negotiable. I understand that these cases can be deeply personal, and I am under no illusion that parties will always be on the best of terms, but litigants must prioritize the children at the heart of these disputes.
 

 A protracted IDEA dispute should result from a legitimate disagreement about the needs of the student, not conflicting interpretations regarding the wording of a settlement offer. Indeed, ten-day offers should foster discussion, which hopefully will often lead to the prompt resolution of IDEA disputes without the need for due process hearings or litigation. This purpose is not served, however, when parties treat terse or inexact offers as non-negotiable. In those circumstances, the parties potentially prolong the dispute unnecessarily, for they risk losing sight of what is most important: ensuring that the child gets the educational services needed. Had the parties in this case communicated more effectively, the dispute very well could have been resolved far earlier and with the expenditure of fewer public funds. My hope is that parties in these types of actions shall, in the future, heed this caveat.